UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOSE CASTILLO-GUTIERREZ,

               Petitioner

                                               **MEMORANDUM & ORDER**
                                               05-CV-1638 (NGG)

   –against–

UNITED STATES,


               Respondent.
-------------------------------------------------------X
GARAUFIS, United States District Judge.

      Presently before the court is the habeas appeal of <u>pro se</u> petitioner Jose Castillo-Gutierrez ("Petitioner") pursuant to 28 U.S.C. § 2255, challenging his sentencing in <u>United States v. Jose Castillo-Gutierrez</u>, No. 03-CR-201 (NGG). The Petitioner argues that the sentencing guidelines used to determine his sentence have since been declared unconstitutional by the Supreme Court case of <u>United States v. Booker</u>, 543 U.S. 220 (2005), and that he is therefore entitled to a vacatur and remand of his sentence. For the reasons set forth below, the petition is DENIED.

**I.    Background and Procedural History**

      The Petitioner was charged in February 2003 with illegally re-entering the United States after a conviction for an aggravated felony, in violation of 18 U.S.C. § 1326(a). On November 20, 2003, the Petitioner pleaded guilty to that charge. (<u>See</u> generally, E.D.N.Y. Docket 03-CR-201 (NGG)). In the plea agreement signed by the Petitioner, he agreed not to file an appeal or otherwise challenge the conviction or sentence he received if the court sentenced him to less than

1

eighty-seven months imprisonment. On April 30, 2004, this court sentenced the Petitioner to seventy months imprisonment and three years supervised release. (See id.).

The Petitioner then filed this timely 28 U.S.C. § 2255 petition arguing that the precedent of Booker invalidates his sentence. He asks that the court vacate and remand his sentencing in light of Booker. (Petitioner's Brief ("Pet.'s Br.") at 14).

**II.     Discussion**

In United States v. Booker the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244. In other words, to the extent that the Sentencing Guidelines, whose application had been mandatory pre-Booker, permitted a maximum sentence based on findings of fact made by the court (other than a fact of prior conviction), the Guidelines violated a criminal defendant's Sixth Amendment right to trial by jury. See id. To remedy this constitutional violation, the Booker court made the Sentencing Guidelines advisory, rather than mandatory. Id. at 245-46.

The Petitioner now argues, relying on Booker, that his sentence was unconstitutional. (Pet.'s Br. at 5). The Petitioner's argument, however, fails.

**A.     Booker Does Not Apply Retroactively**

In the Booker decision, the Court explicitly made its holdings applicable to all cases on direct review. Booker, 543 U.S. at 267-68. The Court did not, however, declare that Booker applied retroactively. Accordingly, the Second Circuit has interpreted Booker to not apply retroactively to collateral cases. Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005)

("Booker is not retroactive, i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker issued."); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005) (per curiam) (denying petitioner's application to file a second or successive Section 2255 petition on the grounds that Booker does not apply retroactively to his collateral challenge); Thristino v. United States, 379 F.Supp.2d 510, 516 (S.D.N.Y. 2005).

Petitioner in the instant case was sentenced on April 30, 2004, well before the January 12, 2005 issuance of the Booker decision. Thus, under Guzman, the Petitioner's 2255 petition collaterally attacking his sentence must be denied on the grounds that Booker does not apply retroactively.

### B. Waiver of the Right to Challenge his Sentence

The Petitioner's claim also fails because the Petitioner, in his plea agreement, explicitly agreed not to file an appeal or otherwise challenge his sentence if the court imposed a term of imprisonment of eighty-seven months or less. The court imposed a sentence of seventy months, and the Petitioner therefore waived his right to challenge his sentence through a Section 2255 habeas petition. See Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam) (upholding "the effectiveness of Garcia-Santos's waiver [in his plea agreement] of the right to attack his conviction by petition under § 2255"); United States v. Pipitone, 67 F.3d 34, 39 (2d Cir. 1995). Moreover, the Second Circuit has explicitly held that a waiver clause in a plea agreement entered into prior to Booker is nonetheless enforceable against collateral Booker challenges to the imposed sentence. United States v. Morgan, 406 F.3d 135, 136-38 (2d Cir. 2005); Santoro v. United States, No. 01-CR-416, 2005 WL 3184279, *3 (E.D.N.Y. Nov. 29,

3

2005) (Glasser, J.). The Petitioner's challenge is therefore foreclosed on this ground as well.

**III.     Conclusion**

For the reasons stated above, the Petitioner's Section 2255 habeas petition seeking re-sentencing pursuant to United States v. Booker is DENIED.  The Clerk of Court is directed to mail a copy of this M&O to the pro se Petitioner and to close this case.


SO ORDERED.

Dated: May 18, 2006                                             /s/ Nicholas Garaufis
     Brooklyn, N.Y.                                          NICHOLAS G. GARAUFIS
                                                             United States District Judge